**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

**ROY F. HILLBERRY, II**

       **Plaintiff,**

v.                                   **Case No.:  2:13-cv-20699**

**DAVID BALLARD, Warden,
Mount Olive Correctional Complex**

       **Defendant.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

       Pending is a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). This case is assigned to the Honorable Thomas E. Johnston, United States District Judge, and was referred to the undersigned United States Magistrate Judge by Standing Order for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 2). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the Petition for a Writ of Habeas Corpus be **DENIED**, and that this action be **DISMISSED**, without prejudice, and removed from the docket of the Court.

**I.**    **Procedural History**

       Petitioner, Roy F. Hillberry, II, ("Hillberry") is an inmate at the Mount Olive Correctional Complex, where he has been housed in its administrative segregation unit/Quality of Life ("QOL") program since May 2013. On July 19, 2013, Hillberry filed the instant petition for habeas relief, alleging the following four grounds in support of

1

his claim:

1.   The administrative segregation unit/QOL program is falsely advertised as non-punitive when, in reality, it is no different than punitive detention.

2.   Inmates in the administrative segregation unit receive three to four hours less recreation time per week than inmates in the general population.

3.   Meals given to inmates in the administrative segregation unit are not transported on hot carts; therefore, all of the meals are served cold; and

4.   Inmates in the administrative segregation unit are treated with deliberate indifference to their living conditions, subjecting them to atypical hardships and physical and mental deterioration.

Hillberry also complained that he was placed in the administrative segregation unit illegally based upon an alleged rule violation that occurred prior to his confinement at Mount Olive. For relief, Hillberry requested his immediate release from solitary confinement and that he "be either placed in general population at MOCC or transferred to Northern Correctional Complex or Huttonsville Correctional Complex." Hillberry further asked that Mount Olive Correctional Complex be ordered to comply with "ACA standards" on the administrative segregation unit and provide daily recreation, as well as serve the inmates hot meals. (ECF No. 1).

On August 15, 2013, Hillberry filed a second Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.[1] That petition was assigned to the Honorable Thomas E. Johnston and was referred to the undersigned United States Magistrate Judge for proposed findings of fact and recommendations for disposition. In his second habeas petition, Hillberry again complained about his assignment to the administrative

---

[1] *See Hillberry v. Ballard,* Case No. 2:13-cv-21893 (S.D.W.Va.) at ECF No. 1.

segregation unit, although he focused his challenges on the lack of due process underlying his commitment to solitary confinement, and his desire to join the general population in order to "program." Hillberry's second habeas petition remains pending.

On October 7, 2013, the undersigned advised Hillberry that the instant petition did not appear to state claims cognizable under 28 U.S.C. § 2241, as Hillberry challenged the conditions of confinement rather than its validity or duration. Accordingly, Hillberry was instructed to file a complaint pursuant to 42 U.S.C. § 1983 and either pay the filing fee or file an application to proceed *in forma pauperis*. (ECF No. 4). The Clerk was instructed to provide the appropriate forms and instructions to Hillberry, and he was notified that failure to file the necessary documents might result in a recommendation of dismissal. (*Id.*). Since that time, the Court has had no further contact from Hillberry.

## II.   Discussion

Habeas corpus is the appropriate and exclusive remedy for a state prisoner to attack the validity or duration of his confinement. *Todd v. Baskerville*, 712 F.2d 70, 71 (4th Cir. 1983). However, when a challenge is made to the conditions of his confinement, rather than to the fact of confinement, the remedy is under 42 U.S.C. § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *see also Muhammad v. Close*, 540 U.S. 749, 750, 124 S.Ct. 1303, 158 L.Ed2d 32 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus ... requests for relief turning on circumstances of confinement may be presented in a § 1983 action").

Here, Hillberry complains about specific living conditions on the administrative segregation unit, and those associated with the QOL program, that he finds inadequate.

For example, he contends that the QOL program, although advertised as non-punitive, is managed in much the same way as punitive detention. QOL inmates receive no additional privileges than inmates being punished, with the exception that QOL inmates are allowed a library book. If they want other privileges, they must pay for them. In addition, QOL/administrative segregation inmates receive one or two hours of recreation time each week when they should receive five hours, and they are consistently served cold meals. Clearly, these circumstances do not implicate the interests that are properly raised in a habeas corpus proceeding.

In the fourth ground of Hillberry's petition, he claims "atypical hardships" and mentions as supporting facts some due process concerns related to his placement in administrative segregation. Hillberry raises these same concerns in greater detail in his second § 2241 petition. In the event that Hillberry's due process issues and claim of "atypical hardships" can rise to the level of a cognizable claim under 28 U.S.C. § 2241, that claim survives in his second petition; therefore, dismissal of this action will not prevent Hillberry from pursuing that allegation. However, Hillberry fails to state a sufficient basis in this petition to support a claim for habeas relief.

III.   **Proposal and Recommendation**

Based upon the foregoing, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDS** that the District Court **DISMISS**, without prejudice, the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston,

United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Johnston and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Petitioner, Respondent, and any counsel of record.

**FILED**: April 24, 2014

Cheryl A. Eifert
United States Magistrate Judge